# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>**DAVID ORLANDO VELEZ GARCIA**<br>DEBTOR | **CASE NO. 19-000905**<br>**CHAPTER 13** |

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

**TO THE HONORABLE COURT:**

    **COMES NOW**, creditor **MARIA TERESA VELEZ VEGA** through the undersigned counsel, and very respectfully states and prays as follows:

1. On February 21th, 2019, the above-named debtor filed a Bankruptcy petition under Chapter 13 of the Bankruptcy Code. (See Docket # 1)

2. The Debtor's Schedules A/B disclosed that he owned two real estate. The debtor's principal residence located at Urb. Hacienda Borinquen, with a current value of $130,000.00 and a commercial building located at Road 1 Km 30.2 Sector La Barra, with a current value of the portion owned by the Debtor of $200,000.00. (See docket #1, pages 11-12).

3. The corresponding Schedule C provides only for the full exemption of the Debtor's Principal Residence under the PRLA 31 §§ 385 (a), 1851-1857. Thus, the value of the real estate located at Sector La Barra is a debtor's nonexempt asset. (See docket #1, page 17)

### Applicable Law and Analysis

4. Confirmation of a Chapter 13 plan is governed by Section 1325. Section 1325(a)(4) provides in pertinent part:

    "[e]xcept as provided in subsection (b), the court shall confirm a plan if—... (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4).

5. In all Chapter 13 cases, §1325 (a)(4) protects holders of allowed unsecured claims by requiring a minimum distribution to unsecured creditors under the plan. This minimum requirement, commonly referred to as the *best interest of creditors* standard, assures that every unsecured creditor will receive under the plan at least as much as the creditor would otherwise

receive from the bankruptcy estate in a Chapter 7 case.

6. A plan satisfied the best interest test if a comparison of the amount to be paid under the plan is not less that the hypothetical liquidation value of property of the estate. If the value of the debtor's nonexempt assets exceeds the sum of the debtor's unsecured debts, to pass the best interests test the debtor must pay a 100% dividend to unsecured creditors.[1]

7. In the instant case, the Debtor the proposed plan dated April 26, 2019 does not satisfy the requirements of Section 1325(a)(4), because does not provide for the 100% of all allowable unsecured claims plus legal interest of at least 4.25% per year.

**WHEREFORE**, debtor requests from this Honorable Court to take notice of the preceding facts and deny confirmation of the proposed plan dated April 26, 2019 at docket #13 because does not provide for the 100% of all allowable unsecured claims plus legal interest of at least 4.25% per year.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, this 11th day of May 2019.

**NOTICE:** Within **Fourteen (14)** days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I CERTIFY that on this same date the foregoing document has been electronically filed WITH THE Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee.

s/ **CARLOS A. RUIZ RODRIGUEZ**
**USDC-PR 210009**
**Attorney for Creditor**
P.O. Box 1298, Caguas, PR 00726-1298
Phone: (787) 286-9775 / Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com

---

[1] In Re Fuentes 504 B.R. 731 (Bkrtcy.D.Puerto Rico 2014) ("In determining whether proposed Chapter 13 plan complies with "best interests of creditors" test, court must calculate present value of distributions to unsecured creditors under plan in order to compensate unsecured creditors for delay in payments that they would receive immediately in hypothetical Chapter 7 liquidation")

2